NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
ARON KETCHEL (Cal. Bar No. 250345)
AGUSTIN D. OROZCO (Cal. Bar No. 271852)
Assistant United States Attorney
Public Corruption and Civil Rights Section
1500 United States Courthouse
312 North Spring Street
Los Angeles, California 90012
Telephone: (213) 894-1019/2216
Facsimile: (213) 894-0141
E-mail: aron.ketchel@usdoj.gov
Agustin.d.orozco@usdoj.gov

Attorneys for Applicant
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

In the Matter of the Search of: Information associated with accounts identified as evaghermes@mac.com, evaghermes@me.com, oghermes@mac.com, and oghermes@me.com that is within the possession, custody, or control of Apple, Inc.

No. MJ 19-1902

GOVERNMENT'S *EX PARTE* APPLICATION FOR SECOND EXTENSION OF TIME WITHIN WHICH TO RETAIN AND SEARCH DIGITAL EVIDENCE; DECLARATION OF ARON KETCHEL

The United States of America, by and through its counsel of record, Assistant United States Attorneys Aron Ketchel and Agustin D. Orozco, hereby applies for an order extending by 120 days the time within which the government may retain and search digital evidence obtained pursuant to a federal search warrant obtained under 18 U.S.C. § 2703.

///

///

///

This application is based on the attached declaration of Aron Ketchel and the files and records of this case, including the underlying search warrant and affidavit in support thereof.

Dated: February 25, 2020

Respectfully submitted,

NICOLA T. HANNA
United States Attorney

BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division

ARON KETCHEL
AGUSTIN D. OROZCO
Assistant United States Attorney

Attorneys for Applicant
UNITED STATES OF AMERICA

**DECLARATION OF ARON KETCHEL**

I, Aron Ketchel, hereby declare and state:

1. I am an Assistant United States Attorney assigned to this investigation for United States Attorney's Office for the Central District of California.

2. This declaration is made in support of a request for an order permitting the government to retain and search, pursuant to the terms of the original warrant in this matter, for an additional 120 days, the content of the following accounts (the "SUBJECT ACCOUNTS") obtained pursuant to the warrant described below (the "SUBJECT DIGITAL EVIDENCE"):

a. evaghermes@mac.com,;

b. evaghermes@me.com;

c. oghermes@mac.com; and

d. oghermes@me.com

3. On May 7, 2019, Special Agent ("SA") Marcus Valle of the U.S. Department of Labor—Office of Investigations ("DOL-OIG") obtained a federal search warrant pursuant to 18 U.S.C. § 2703 issued by the Honorable John E. McDermott, United States Magistrate Judge, authorizing the search of information associated with the SUBJECT ACCOUNTS that was stored at premises controlled by Apple, Inc. (the "Provider"). The warrant, which is incorporated herein by reference, authorized the search of digital evidence provided by the Provider for a period of 120 days for evidence of violations of Title 18, United States Code, § 1590 (Labor Trafficking); Title 18, United Stated Code, § 1351 (Fraud in Foreign Labor Contracting); Title 18, United States Code, § 1546 (Fraud and Misuse of Visas, Permits, and Other Documents); Title 8, United States Code, § 1324(a) (Unlawful

Employment of Aliens); Title 8, United States Code, § 1324(a)(1)(a)(iv) (Bringing in and Harboring Certain Aliens), and Title 18, United States Code, § 371 (Conspiracy).

4. Based on information provided to me by agents assigned to this matter, I understand that on May 7, 2019, federal agents served the warrant on the Provider. On July 8, 2019, agents received the SUBJECT DIGITAL EVIDENCE from the Provider, which consisted of approximately 1.5 TB of encrypted data.

5. This is the second request for an extension. The current deadline by which the government must complete its review of the SUBJECT DIGITAL EVIDENCE is March 4, 2020.

6. Based on information provided to me by agents assigned to this matter, I understand that federal agents were initially unable to decrypt the SUBJECT DIGITAL EVIDENCE produced by the Provider. At approximately the end of August 2019, federal agents successfully decrypted the SUBJECT DIGITAL EVIDENCE produced by the Provider. After technical delays, decrypted SUBJECT DIGITAL EVIDENCE consisting of approximately 185 GB of data was provided to the agents on or about October 22, 2019. That data was then sent to a filter team to extract potentially privileged communications from the SUBJECT DIGITAL EVIDENCE.

7. On October 30, 2019, an order allowing a 120 day extension of time within which to retain and search the SUBJECT DIGITAL EVIDENCE was ordered by the Honorable Charles F. Eick, United States Magistrate Judge.

8. During the review by the filter team, DOL-OIG forensics examiners experienced further technical difficulties with respect to

extracting potentially privileged communications from the SUBJECT DIGITAL EVIDENCE.

9. Between approximately December 19, 2019, and January 6, 2020, agents unsuccessfully conducted multiple attempts to search for and extract potentially privileged information. Agents determined that, due to the size of the data, any searches of the SUBJECT DIGITAL EVIDENCE required the use of a forensics lab workstation.

10. On January 15, 2020, forensics agents with Homeland Security Investigations ("HSI") and the United States Department of State, Diplomatic Security Services ("DSS") successfully completed a filter review at the HSI forensics lab in Camarillo, California.

11. On January 22, 2020, SA Valle received decrypted, non-privileged SUBJECT DIGITAL EVIDENCE consisting of 605,379 items for review.

12. Between February 14, 2020 and February 21, 2020, SA Valle conducted searches of the SUBJECT DIGITAL EVIDENCE at the Orange County Regional Computer Forensics Laboratory. There, SA Valle used a forensic lab workstation and, to date, has tagged nearly 600 items as evidence. The production continues to be too large to conduct the review anywhere other than the forensic laboratory.

13. For the following reasons, the government is requesting an additional 120 days to complete its review of the SUBJECT DIGITAL EVIDENCE:

a. The forensic review of digital devices is time consuming. Agents cannot simply turn on a computer and begin reviewing the content of the SUBJECT DIGITAL EVIDENCE provided by the Provider. Specialized computer software was needed to decrypt the data. Once decrypted, the contents must be downloaded to specialized

computer software that enables agents to search for key words and tag content of evidentiary value. The review also must be conducted by agents who have received specialized training to ensure that the review is done thoroughly and in a forensically sound fashion. This process takes substantial time.

b. The SUBJECT DIGITAL EVIDENCE contains approximately 185 gigabytes of unencrypted information.

c. As discussed above, a significant delay was caused by the need to decrypt the data produced by the Provider.

d. The review process was further delayed because we believed users of the SUBJECT ACCOUNTS are represented by counsel, a taint agent was used to review and filter the content for potentially attorney-client privileged documents in advance of the reviewing agents conducting any searches.

e. Due the size of the data, all key word searches must be conducted in a forensics lab setting on a forensics lab workstation to avoid the computer software from crashing. Accordingly, SA Valle cannot review the SUBJECT DIGITAL EVIDENCE from his work computer or his office. He must travel to the forensic lab in order to conduct the review on the lab’s equipment.

///

///

///

f. While SA Valle has been diligent in his review of the SUBJECT DIGITAL EVIDENCE, between approximately December 2, 2019, and February 13, 2020, SA Valle was tasked with preparing and participating as the lead case agent in a federal criminal trial of U.S. v. John Romero Sr., CR No. 15-007-VAP. During that time, he was unable to travel to the forensic lab to search the SUBJECT DIGITAL EVIDENCE.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED: February 25, 2020.

ARON KETCHEL